**NOT FOR PUBLICATION**

```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

RICHARD J. REDDEN,                :
                                  :   Civil Action No. 07-3712(JAP)
         Plaintiff,               :
                                  :
                                  :
         v.                       :   **OPINION**
                                  :
MICHELLE R. RICCI, et al.,        :
                                  :
         Defendants.              :

**APPEARANCES**:

   RICHARD J. REDDEN, Plaintiff pro se
   #205293/958265A
   New Jersey State Prison
   P.O. Box 861, 4B
   Trenton, New Jersey 08610

**PISANO**, District Judge

   Plaintiff Richard J. Redden ("Redden"), currently confined at the New Jersey State Prison in Trenton, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. § 1915(g), the Court will grant plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

   At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it

should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should proceed in part.

## I. BACKGROUND

Redden brings this civil rights action against the following defendants: Michelle R. Ricci, acting Administrator at New Jersey State Prison ("NJSP"); Donald Mee, Jr., Assistant Superintendent at NJSP; Lt. J. Moran; Senior Corrections Officer ("CO") R. Funderburk; Dr. Ashwini Neelgund, Psychiatrist at NJSP; and Dena Farber, Ph.D., Psychologist at NJSP.  The following factual allegations by plaintiff are taken from the Complaint and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of plaintiff's allegations.

Redden is currently confined at NJSP and assigned to solitary confinement/administrative segregation.  He alleges that he suffers from serious psychological and psychiatric problems and his solitary confinement has had a serious effect on his mental and physical health.

In 2004 or 2005, a psychiatrist at NJSP stopped prescribing Redden's medications for his psychiatric disorders without plaintiff's consent.  Consequently, plaintiff's depression, anxiety, delusional hearing voices, paranoia, and insomnia got

2

increasingly worse over time. On March 20, 2007, after many nights of insomnia, Redden suffered an acute psychotic episode. He destroyed all of his personal property in his cell and set a fire while locked in his cell. Redden does not recall setting a fire. He was charged with the prohibited act #151/setting a fire, and placed in pre-hearing detention for observation.

Redden was released from observation without mental health care, but he remained in pre-hearing detention. A disciplinary hearing was held. Redden pled not guilty because he was not in his right state of mind. The disciplinary hearing officer ("DHO") adjudicated plaintiff guilty and imposed maximum sanctions of 15 days in disciplinary detention, 365 days in administrative segregation, and 365 days loss of commutation time. The DHO also referred Redden to mental health services.

From March 20, 2007 through April 9, 2007, while in pre-hearing detention, Redden's mental condition continued to deteriorate and he suffered a dramatic weight loss of 20 to 25 pounds. On April 9, 2007, Redden had an acute psychotic episode, in which he believed he was under observation by the Special Investigation Division/Internal Affairs. Redden believed that a camera and listening devices were planted in his cell and that another inmate was the fictional TV character Colonel Klink from Hogan Heroes. Redden also heard voices. Another inmate informed

3

a senior corrections officer, who had Redden placed under observation.

On April 10, 2007, Redden spoke with defendants Farber and Neelgund regarding his mental and physical health problems. The next day, on April 11, 2007, Farber allegedly told plaintiff that he should participate in recreation and exercise. Plaintiff was then released from observation and returned to administrative segregation. On April 13, 2007, Redden was prescribed and began receiving Paxil for depression and Klonopin for anxiety. He states that his mental health symptoms stabilized and he no longer posed an acute security risk.

Redden contends that the Special Administrative Segregation Review Committee must release an inmate from administrative segregation if that inmate has a history of mental illness and continued segregation would be harmful to that inmate's mental health. Defendants Farber and Neelgund failed to refer Redden's mental health deterioration to the prison Administrator for plaintiff's release from administrative segregation.

On April 21, 2007, Redden filed an informal administrative grievance to defendant Mee, complaining that (1) the DHO falsely stated that plaintiff pled guilty to setting the fire in his cell; (2) the mental health officers failed to refer plaintiff's case to the prison Administrator for release from administrative segregation after plaintiff's mental health deteriorated; and (3)

Custody was not ensuring Redden's entitlement to recreation, causing serious stress to plaintiff. Redden did not receive any response from defendant Mee.

On or about April 29, 2007, Redden complained to defendant Funderburk about the lack of recreation and exercise. At that time, Redden did not receive access to recreation for one week and administrative segregation inmates are entitled to at least 5 hours of recreation and exercise per week. Redden complains that he receives only 1 or 2 hours of yard time two or three times per month. Other than recreation time, plaintiff is permitted to leave his cell for ten minutes per day to shower. His cell for the duration of the 365-day sanction imposed is solid steel, concrete and glass with no radio or television. Redden notes that inmates in the 7 Wing administrative segregation receive at least 5 hours of recreation and exercise per week.

Redden submitted a remedy form to defendant Ricci on May 2, 2007. He received a response from defendant Moran on May 17, 2007, who told plaintiff to have mental health staff treat his mental health symptoms, but would not release plaintiff from administrative segregation. Redden filed an administrative appeal. He has not received an appeal decision.

On May 10, 2007, Redden suffered another psychotic episode. Redden repeatedly banged his head against the wall and no one did anything until another inmate noticed plaintiff's swollen, split

5

and bloody forehead and advised the senior corrections officer. Mental health staff told plaintiff that the prescribed medication became ineffective because of the lack of stimulation Redden received. Redden's dosage was increased. He also states that he is under weight for his height and bone width.

Redden filed another remedy form on May 17, 2007 and May 18, 2007. No response was received.

On May 23, 2007, Redden received a Mental Health Treatment Plan, dated May 7, 2007, which required his signature. On June 4, 2007, defendant Farber returned to get the signed Plan. Redden gave Farber the signed Plan along with an 8-page inmate objection and prayer for relief dated May 23, 2007. In the prayer for relief, Redden requested an increase in his dosage of Klonopin, Ensure vitamin drink, referral to the prison administrator for release from administrative segregation, and an assurance of at least 5 hours of weekly exercise and recreation while assigned to administrative segregation. Redden did not receive a response to these requests.

On June 11, 2007, Redden suffered another psychotic episode. After being informed of plaintiff's mental health symptoms again, defendant Farber allegedly told Redden, "We had our fill of you. Deal with it. And stop pestering me." Redden filed an administrative grievance on June 12th with regard to defendant Farber. Plaintiff has not received a response. He contends that he has exhausted all administrative remedies.

6

Redden seeks an unspecified amount of punitive and compensatory damages. He also seeks injunctive relief, directing that defendants release him from administrative segregation, provide him with at least 5 hours of recreation per week, and adequate mental health care.

II.  STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court

need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  Deutsch v. United States, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  Denton v. Hernandez, 504 U.S. 25, 34 (1992); Alston v. Parker, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C.

8

§ 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.   SECTION 1983 ACTIONS

Redden brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

### IV.   ANALYSIS

A.  Denial of Recreation Claim

Redden complains that he does not receive adequate recreation or exercise while confined in administrative segregation.  He states that he receives one to two hours per

9

month, which is significantly less than the five hours per week otherwise provided inmates in administrative segregation in another wing at NJSP.  Redden alleges that this lack of exercise and recreation has exacerbated his mental health problems and has caused him to suffer acute psychotic episodes.

The denial of exercise or recreation can result in a constitutional violation.  "[M]eaningful recreation 'is extremely important to the psychological and physical well-being of the inmates.'"  Peterkin v. Jeffes, 855 F.2d 1021, 1031 (3d Cir. 1988)(*quoting* Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)); see also Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996)("[d]eprivation of outdoor exercise violates the Eighth Amendment rights of inmates confined to continuous and long-term segregation."); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir. 1983); Campbell v. Cauthron, 623 F.2d 503, 506-07 (8th Cir. 1980); Kirby v. Blackledge, 530 F.2d 583, 587 (4th Cir. 1976); Loe v. Wilkinson, 604 F. Supp. 130, 135 (M.D.Pa. 1984).  However, the lack of exercise can only rise to a constitutional level "where movement is denied and muscles are allowed to atrophy, [and] the health of the individual is threatened." Spain, 600 F.2d at 199.  Thus, a constitutional violation will occur when the deprivation of exercise extends for a prolonged period of time and tangible physical harm resulting from the lack of exercise is demonstrated.

10

In order to demonstrate a deprivation of a constitutional right to recreation, Redden also must satisfy the Eighth Amendment standard and show deliberate indifference on the part of prison officials.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  Here, Redden alleges that he has repeatedly complained about this lack of recreation to defendants and has filed administrative grievances accordingly.  Thus, defendants have known about this lack of recreation since March 2007 and have done nothing to correct it.  Redden further alleges that this lack of recreation and exercise has caused a serious deterioration of his mental health and several psychotic episodes.

Based on these allegations, if true, plaintiff may be able to show deliberate indifference and tangible physical harm from the continuing denial of recreation.  Therefore, this Court will allow this denial of recreation claim to proceed at this time.

B.  Denial of Medical Care

Next, Redden asserts that defendants have been deliberately indifferent to his serious psychological and psychiatric needs, causing plaintiff to suffer serious deterioration of his mental health and physical health.

The Eighth Amendment proscription against cruel and unusual punishment also requires that prison officials provide inmates with adequate medical care.  Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Rouse v. Plantier, 182 F.3d 192 (3d Cir. 1999).  In

11

order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. Estelle, 429 U.S. at 106; Natale v. Camden County Correctional Facility, 318 F.3d 575, 582 (3d Cir. 2003).

To satisfy the first prong of the Estelle inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Hudson v. McMillian, 503 U.S. 1, 9 (1992). The Third Circuit has defined a serious medical need as: (1) "one that has been diagnosed by a physician as requiring treatment;" (2) "one that is so obvious that a lay person would recognize the necessity for a doctor's attention;" or (3) one for which "the denial of treatment would result in the unnecessary and wanton infliction of pain" or "a life-long handicap or permanent loss." Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003)(internal quotations and citations omitted); see also Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to

his serious medical need.  See Natale, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F. Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F. Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

The Third Circuit has found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays

13

necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment.  See Rouse, 182 F.3d at 197.  The court also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment.  Atkinson, 316 F.3d at 266.  See also Monmouth County Correctional Institutional Inmates, 834 F.2d at 346 ("deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment"); Durmer v. O'Carroll, 991 F.2d 64 (3d Cir. 1993); White v. Napoleon, 897 F.2d 103 (3d Cir. 1990).

    Here, Redden may be able to show a serious medical need based on his many psychotic episodes and continuing mental health problems.  However, the Complaint does not show that the defendants acted with deliberate indifference to Redden psychological and psychiatric needs.  In fact, Redden admits that the medications prescribed to him were working and defendants have increased the dosage after Redden's psychotic episode.  When plaintiff has had these episodes, he was promptly placed under observation and treated for his medical and psychological needs.  At best, the allegations simply show that defendants are not prescient and cannot predict when plaintiff might have an acute psychotic episode.  Redden does not allege chronic episodes or

14

symptoms, only spontaneous, acute delirium episodes that have been quickly treated with observation and medication.

Based on plaintiff's allegations, this Court finds that Redden has received the prescribed treatment for his mental health condition in a reasonably prompt manner when plaintiff's psychotic symptoms manifest themselves.  Defendants' actions in treating and responding to Redden's mental health needs do not reflect any deliberate indifference; nor do the allegations show that there was a delay in treatment for non-medical reasons. Accordingly, this claim will be dismissed without prejudice for failure to state a claim upon which relief may be granted.[1]

C.   Release from Administrative Segregation

Finally, Redden seeks to be released from administrative segregation.  He claims that his confinement in administrative segregation exacerbates his mental health problems.

Redden was placed in administrative segregation sometime after March 20, 2007, pursuant to a sanction imposed as a result

---

[1] To the extent that Redden can allege facts to show deliberate indifference, this Court will allow plaintiff to amend his Complaint accordingly within 30 days from the date of entry of this Court's accompanying Order.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted).  An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  Id.  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  Id.

of an institutional disciplinary action. Redden had set a fire in his cell. He claims that he does not recall doing this and that his action was not volitional but as the result of a psychotic episode. Redden has administratively appealed his disciplinary action and the DHO's decision was affirmed. Redden has not sought state court relief nor a federal habeas action to challenge the validity of his disciplinary action. Rather, he merely seeks to be released from the confines of administrative segregation, and does not appear to challenge the disciplinary finding itself.[2]

It is well established that an inmate does not possess a liberty interest arising from the Due Process Clause in assignment to a particular custody level or security classification or a place of confinement. See Wilkinson v. Austin, 545 U.S. 209, 125 S.Ct. 2384, 2393 (2005); Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montayne, 427 U.S. at 243; Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976). Moreover, the custody placement or classification of state prisoners within the State prison system

---

[2] Where a prisoner challenges sanctions affecting his conditions of confinement, rather than the length or duration of his sentence or the outcome of his disciplinary proceedings, such claims may be raised by way of a civil rights action. See Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002)(holding that Edwards v. Basilok, 520 U.S. 641 (1997), does not require the dismissal of a prisoner's § 1983 claim challenging prison conditions); Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002)(prisoner's § 1983 claim is cognizable when the claim implicates only the conditions, and not the fact or duration, of his confinement, regardless of whether he remains in custody).

is among the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts." Meachum, 427 U.S. at 225.

To the extent Redden may be asserting that his confinement in administrative segregation violates due process, such claim is subject to dismissal. Procedural due process rights are triggered by a deprivation of a legally cognizable liberty interest.[3] For a prisoner like Redden, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Lesser restraints on an inmate's freedom are deemed to fall "within the expected parameters of the sentence imposed by a court of law." Id. Thus, "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montanye v. Haymes, 427 U.S. 236, 242 (1976), quoted in Sandin, 515 U.S. at 480. Administrative or punitive segregation typically does not implicate either the Due Process clause or a state-created liberty interest. See Smith v. Mensinger, 293 F.3d 641, 653 (3d

---

[3] The Due Process Clause of the Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law."

17

Cir. 2002); Torres v. Fauver, 292 F.3d 141, 150-52 (3d Cir. 2002).

Here, Redden's administrative segregation for 365 days (one year), even if due to an allegedly false disciplinary action, does not trigger the protections of the Due Process Clause. See Sandin, 515 U.S. at 484-486. The Third Circuit has observed, however, that if an inmate is committed to undesirable conditions for an atypical period of time in violation of state law, that factor should be considered in determining whether the prisoner has been subjected to "atypical and significant hardship" triggering due process protection. Griffin v. Vaughn, 112 F.3d 703, 708-09 (3d Cir. 1997)(disciplinary segregation of state prisoner for 15 months did not impose atypical and significant hardship on prisoner, and thus, did not implicate the due process clause).

In this case, the Complaint fails to allege a claim of atypical or significant hardship with respect to Redden's term of administrative segregation for a disciplinary infraction. The only hardship alleged by Redden is the lack of recreation, which can be remedied without requiring release from administrative segregation. Thus, Redden fails to state a deprivation claim of constitutional magnitude, and this due process claim will be dismissed without prejudice, as against all defendants accordingly, for failure to state a cognizable claim under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

V.   CONCLUSION

For the reasons set forth above, plaintiff's claims asserting denial of medical (mental health) care and release from administrative segregation will be dismissed without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, plaintiff's claim alleging denial of recreation will be allowed to proceed at this time.  An appropriate order follows.


                                    /s/ Joel A. Pisano
                                   JOEL A. PISANO
                                   United States District Judge
Dated: January 8, 2008