**NOT FOR PUBLICATION**                                      **CLOSED**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| RICHARD REDDEN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 07-3712 (JAP) |
| | : | |
| v. | : | |
| | : | |
| MICHELLE RICCI, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

PISANO, District Judge

     Presently before the Court is an unopposed motion by Defendants Michelle Ricci, Donald Mee, John Moran and Robert Funderburk (collectively, "Defendants") to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6) and for Summary Judgment pursuant to Federal Rule 56. The Court shall decide the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. Because this Court finds that the undisputed facts in this case fail to establish a constitutional violation, the Defendants' motion is granted.

## I. Background

     Plaintiff, proceeding *pro se*, is an inmate in the Management Control Unit ("MCU") at New Jersey State Prison ("NJSP"). He brings this action under 42 U.S.C. § 1983 for money damages, declaratory and injunctive relief, alleging that he was receiving only two to six hours of recreation per month outside of his cell in violation of New Jersey regulations and constituting deliberate indifference and cruel and unusual punishment under the Eighth Amendment.[1]

---

[1]All other claims brought by Plaintiff were dismissed by this Court's Opinion and Order filed January 10, 2008.

The MCU is a "close custody" unit within NJSP that houses inmates determined to pose "a substantial threat to the safety of others; of damage to or destruction of property; or of interrupting the operation of a State correctional facility."  Ricci Decl. ¶¶ 4-5.  Further, inmates such as Plaintiff who have been deemed a safety threat to other inmates may be placed in non-congregate status and are prohibited from having any direct contact with other inmates, including at meals, in showers, or during recreation time.  *Id.* ¶¶ 6-9.  At the time of the filing of Plaintiff's complaint, Plaintiff was assigned to non-congregate status based upon Plaintiff's institutional disciplinary history, which included charges for fighting, assault, engaging in gang related activity, setting a fire and failing to obey orders.  *Id.* ¶ 23.

Non-congregate inmates are housed together and separated from the general NJSP population; however, they share use of the two recreation yards with certain congregate inmates. *Id.* ¶ 20, 23.  Recreation time for the inmates in the MCU is governed by N.J. Administrative Code § 10A:5-2.21, which provides that "[e]ach inmate in the M.C.U. shall be permitted the minimum of two hours exercise each week and every effort shall be made to provide at least five hours per week, unless compelling security, safety or weather reasons dictate otherwise."[2]

_____

[2]N.J.A.C. 10A:5-2.21 provides:

(a) Efforts shall be made to provide opportunities for exercise and recreation consistent with custodial considerations. Each inmate in the M.C.U. shall be permitted the minimum of two hours exercise each week and every effort shall be made to provide at least five hours per week, unless compelling security, safety or weather reasons dictate otherwise. When exercise is not permitted, the reasons shall be well documented.

(b) The Administrator may take emergency action in suspending exercise or recreation privileges for any or all inmates until the emergency has passed. In any such emergency, the Administrator shall notify the Commissioner or designee.

According to Defendants, as of September 2007 (one month after Plaintiff filed his Complaint) the MCU non-congregate inmates were receiving only an hour and fifteen minutes of recreation every 12 days.  Ricci Decl. ¶ 24.  Defendants explain that this was due to the number of non-congregate inmates that each required separate recreation as well as the limited availability of recreation yards.  *Id.* ¶ 25.  Consequently, because of safety concerns, it was impossible to give the non-congregate inmates a minimum of two hours of outdoor recreation time per week.

Plaintiff alleges that, while assigned to the MCU, Defendants have allowed him only a "one or two hour yard period two or three times per month" and he is otherwise permitted to leave his cell only for 10 minutes per day to shower.  Compl., Statement of Claims, ¶ 13.  On May 2, 2007, Plaintiff submitted a grievance form addressed to Defendant Ricci in which he complained that he was being deprived of "recreation and exercise entitlements" and requested at least five hours of recreation and exercise per week.  *Id.* ¶ 16.  Defendant Moran responded to Plaintiff's grievance and stated that on-going security issues prevented a change in the yard schedule.  *Id.* ¶ 16(b).  On May 18, 2007, Plaintiff submitted another grievance with regard to the lack of recreation time, alleging that it had caused a "deterioration in his mental health status" and caused his prescribed psychotropic medications to become ineffective.  Compl. ¶ 24.  Plaintiff alleges that he did not receive a reply to the grievance.  Compl. ¶ 25.

Subsequent to the filing of Plaintiff's complaint in this matter, NJSP received approval and funds from the New Jersey Department of Corrections that allowed the prison to restructure one of its yards in a manner that would allow for more non-congregate recreation periods.  Ricci

Decl. ¶ 32.  Consequently, since of January 18, 2008, the non-congregate inmates have been provided with one and a half hours of recreation every three days.  According to the recreation schedules provided by Defendants, Plaintiff has been receiving approximately three hours of recreation per week.  Ricci Decl. ¶ 36, Ex. B.

## II.  Analysis

### A.  Summary Judgment Standard[3]

A court shall grant summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The substantive law identifies which facts are critical or "material."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The burden then shifts to the non-moving party to present evidence that a genuine, fact issue compels a trial.  *Id.* at 324.  In so presenting, the non-moving party must offer specific facts that establish a genuine issue of material fact, not just "some metaphysical doubt as to the material facts."  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).  Thus, the non-moving party cannot rely on bare assertions or conclusory allegations in its pleadings to support

---

[3] Defendants have moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6), or in the alternative for summary judgment under Rule 56(c).  Because Defendants' motion relies upon materials outside of the pleadings, the Court will address Defendants' motion as one for summary judgment under Rule 56.

its affirmative claims.  *See, e.g., Morales v. Busbee*, 972 F. Supp. 254, 259 (D.N.J. 1997).

"Where the record taken as a whole could not lead a rational trier of fact to find for the

nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (quoting

*First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

C.  Plaintiff's Eighth Amendment Claim

_____Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to

provide him with more than two hours of recreation per month.  Accordingly, he brings claims

against Defendants under 42 U.S.C. § 1983 for the alleged constitutional violations.  Based on

the submissions before it,[4] this Court finds that there is no issue of material fact necessitating

trial and Defendants are entitled to summary judgment as a matter of law.

The treatment of prisoners and the conditions of confinement within prisons are subject to

scrutiny under the Eighth Amendment, which guarantees an individual's right to be free from

"cruel and unusual punishment."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).   Though prison

conditions are not constitutionally required to be "comfortable", the Eighth Amendment prohibits

prison officials from imposing inhumane conditions on prisoners.  *Id.* at 832-33.  Therefore, to

properly allege an Eighth Amendment violation based on prison conditions, the prisoner must

make two showings: (1) the alleged injury suffered by the prisoner is "a sufficiently serious

objective" deprivation of a specific, basic human need; and (2) the prison official acted with

deliberate indifference, or subjectively knew of substantial risk of harm and failed to act.

*Tillman v. Lebanon County Corr. Facility*, 221 F.3d 410, 418 (3d Cir. 2000).   The first

_____

[4] Because Plaintiff failed to oppose Defendants' motion or offer any evidentiary support
to oppose summary judgment, this Court has credited the appropriately supported undisputed
facts offered by the Defendants as admitted by Plaintiff.

requirement examines whether the prisoner suffered an objectively grave "deprivation[] denying the minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal quotations omitted).  In contrast, the second requirement examines whether the prison officials acted with subjective deliberate indifference, so as to constitute "unnecessary and wanton infliction of pain" in violation of the Eighth Amendment.  *Id.* at 299, 300 (noting that, "It is *obduracy and wantonness, not inadvertence or error in good faith,* that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause[.]") (internal quotations omitted; emphasis in original).

As to the first requirement, even viewing the facts in the light most favorable to Plaintiff, a reasonable jury could not conclude that the reduction of Plaintiff's recreation time rises to the level of objectively extreme deprivation of "the minimal civilized measure of life's necessities." *Wilson*, 501 U.S. at 298.  As the Supreme Court has observed, "[t]o the extent that [prison] conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  Although Plaintiff has not been afforded the two hours per week of recreation as permitted by regulation, he has received *some* recreation and has not demonstrated an objectively serious deprivation as contemplated by the Eighth Amendment, nor does it appear that the deprivation has resulted in any substantial injury.  *See Bacon v. Minner*, 229 Fed. Appx. 96, 99 (3d Cir. 2007) (holding that an Eighth Amendment claim could not stand where the prisoner "merely alleged a change, and subsequent reduction, in the recreation schedule . . . rather than a complete elimination of exercise for inmates"); *Knight v. Armontrout*, 878 F.2d 1093, 1096 (holding that a thirteen-day denial of recreation was not constitutionally infirm).

6

Even if Plaintiff were able to satisfy the first requirement, the conduct and intent of the prison officials in this case cannot be characterized as deliberate indifference as a matter of law. The Supreme Court has cautioned that, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844. Because there were only two recreation yards available to non-congregate inmates at NJSP, each of whom requires individual and separate recreation time, and those two yards had to be shared with other NJSP congregate inmates, Defendants pursued a legitimate penological goal by temporarily reducing the recreation time for non-congregate inmates to ensure that all inmates, congregate and non-congregate alike, receive as much recreation time as the physical limitations on the prison allow. *See Wilson v. Shannon*, 982 F. Supp. 2d 337, 341 (E.D. Pa. 1997) (in granting summary judgment against plaintiff prisoner's Eighth Amendment claim based on a denial of exercise, holding there was no deliberate indifference where "[plaintiff] was denied exercise for only a brief period of time, and that denial of exercise was in response to disciplinary problems created by the plaintiff"); *Platt v. Brockenborough*, 476 F. Supp. 2d 467, 472 (E.D. Pa. 2007) ("the near-total deprivation of the opportunity to exercise may violate the Eighth Amendment *unless the restriction relates to a legitimate penological purpose*") (emphasis added). Further, Plaintiff has offered no facts suggesting that Defendants' conduct in reducing the amount of recreation time afforded to MCU inmates was "unnecessary" or "wanton," or that Defendants "disregard[ed] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Clearly, Defendants did not disregard Plaintiff's complaints and, in fact, were able to receive adequate funding from the New Jersey Department of Corrections to re-arrange the physical structure of the recreation yards and

permit recreation time for MCU inmates *in excess of* the regulatory minimum.  (Ricci Decl.¶ 32-36.)

### III.  Conclusion

For the reasons above, the Court grants Defendants' Motion to Dismiss and for Summary Judgment.  An appropriate Order accompanies this Opinion.


/s/ JOEL A. PISANO
United States District Judge

Dated: November 20, 2008

8